DATER (CONRAD v.). See Case No. 3,127.

## Case No. 3,584a.
### DAUPHIN v. TIMES PUB. CO.
[18 Reporter, 10.] [1]

Circuit Court, E. D. Pennsylvania. April 30, 1884.

LIBEL—UNLAWFUL BUSINESS—LOTTERY.

1. An action for libel in respect to the plaintiff's business cannot be maintained when the business in respect to which the alleged libel is published is an unlawful one.

2. Acting as agent for a lottery is such an unlawful business as will fall within the above rule.

Sur demurrer to declaration.

The declaration set up that the plaintiff was the manager of the Louisiana State Lottery Company, by virtue of which trade, occupation, and business he acquired great gains and profits; that the defendant published in its newspaper, the Times, a libel, inter alia, as follows: "Mr. M. A. Dauphin, the agent of the Louisiana Lottery, to whom deluded lottery victims addressed their remittances, and whose correspondence has been excluded from the mails, has decided that he is a bigger man than Dorsey or Brady, and that he must have damages if he can't publicly and insolently defy the laws. Mr. Dauphin will fail in his attempt to recover damages from a cabinet officer for the offence of honest fidelity to the laws; but the lesson is worthy of the study of the nation. It is the dying shriek of one of the most stupendous public robberies of our history, and will shed exceptional lustre upon the character of Postmaster General Gresham, who is honored with the last ebullition of malignity of a long omnipotent, but now overthrown, organized crime." After the innuendoes the declaration charged that the plaintiff had been brought into public scandal and disrepute, and had been injured in his business. The defendant demurred, and assigned as reason, inter alia, that it appeared by the declaration that the trade, occupation, and business set forth therein was an illegal one by the laws of the United States and of Pennsylvania.

James H. Heverin and Rufus E. Shapley, for demurrer.

The business is illegal by the laws of the United States—Rev. St. § 2894; Act April 29, 1878 (20 Stat. 39)—and of Pennsylvania,—Act March 31, 1860 (Purd. Dig. p. 331, pl. 54). If there is no right to recover for an alleged injury in the state where it is said to have been committed, there can be none in any other state. Phillips v. Eyre, L. R. 6 Q. B. 28; Scott v. Seymour, 1 Hurl. & C. 234; Smith v. Condry, 1 How. [42 U. S.] 28; Ekins v. East India Co., 1 P. Wms. 395; Consequa v.

Willings [Case No. 3,128]; Richardson v. New York Cent. R. Co., 98 Mass. 86; Needham v. Grand Trunk R. Co., 38 Vt. 294; Whitford v. Panama R. Co., 3 Bosw. 67; Crowley v. Panama R. Co., 30 Barb. 99; Beach v. Bay State Steamboat Co., Id. 433; Whitford v. Panama R. Co., 23 N. Y. 465; Le Forest v. Tolman, 117 Mass. 109. "Ex dolo malo non oritur actio" here applies. If the vocation libelled be an illegal one there can be no recovery. Hunt v. Bell, 1 Bing. 1; Yrisarri v. Clement, 3 Bing. 432; Manning v. Clement, 7 Bing. 362; Marsh v. Davison, 9 Paige, 580. Even if the trade of a lottery were lawful in Louisiana, which is denied, there could be no recovery here, for the lex loci must yield to the positive law of the former, and by the law of the United States lotteries are illegal.

S. H. Alleman and B. T. Fisher, contra.

THE COURT held that the demurrer must be sustained on the ground that a lottery is an illegal trade, and that for any writing or publication affecting the plaintiff in the carrying on of such illegal trade no recovery could be had. Demurrer sustained.